IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 25-cv-2221-WJM-TPO

PHANARA HOM

    Petitioner,

v.

Dawn Ceja, in her official capacity as warden
of the Aurora ICE Processing Center, *et al*.

    Respondents.

---

**ORDER DIRECTING RESPONDENTS TO SHOW CAUSE AND ENJOINING
THE REMOVAL OF PETITIONER DURING PENDENCY OF ACTION**

---

    Before the Court is Petitioner Phanar Hom's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 ("Petition") and Motion for Order to Show Cause ("Motion"). (ECF Nos. 1, 9.) For the following reasons, the Court orders Respondents Dawn Ceja, Warden of Aurora ICE Processing Center, Robert Guadian, Field Office Director of U.S. Immigration & Customs Enforcement ("ICE"), Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"), and Pamela Bondi, Attorney General of the United States (collectively, "Respondents"), to show cause why the Petition should not be granted. The Court further orders that Respondents shall be enjoined from removing Phanar from the United States or transferring him from the District of Colorado during the pendency of this action.

    The following facts are derived from the allegations set forth in the Petition. (ECF No. 1.) The Court assumes their truth only for the purposes of issuing this Order.

    Hom was born in Thailand but immigrated to the United States as a refugee in

1984 when he was one year old.  (*Id.* at 2.)  In 2006, he pleaded guilty to possessing morpholine, a schedule II controlled substance, in violation of section 18-18-405(1), C.R.S. (2025).  (*Id.*)  DHS detained Hom and initiated removal proceedings.  (*Id.*)  In 2012, an immigration judge ordered for his removal, but DHS "was not apparently able to effect Mr. Hom's removal and eventually released him from custody, after which he lived as a free man through three presidential administrations."  (*Id.*)

Respondents "recently detained Mr. Hom again and . . . [are] actively seeking to remove him to a country that will accept him."  (*Id.* at 3.)  According to Hom, "[i]n an email dated July 2, 2025, a deportation officer assigned to the Denver Field Office stated to [Hom's] counsel that 'DHS will continue all efforts for removal' and 'HQ is working on acquiring a TD [travel document].'"  (*Id.*)  Hom therefore "believes that ICE will remove him as soon as it is able to do so."  (*Id.*)

Hom contends that the immigration judge's removal order is illegal in light of *Johnson v. Barr*, 967 F.3d 1103 (10th Cir. 2020), which he says held that his conviction for possession of morpholine "cannot support removal under federal immigration law."  (*Id.*)  Accordingly, Hom argues that Respondents are "actively attempting to execute a removal order that lacks any valid legal foundation."  (*Id.*)  Hom therefore asks the Court to intervene and conclude that his "detention and removal are unlawful and order him released from civil immigration detention."  (*Id.*)

To this end, he asks the Court to direct Respondents to show cause why the Petition should not be granted.  (*Id.* at 21; ECF No. 9.)  Furthermore, although Hom has not filed a formal motion for a temporary restraining order or preliminary injunction (nor signaled his intent to file such a motion in the future), he urges the Court via the Petition

to "[i]ssue an emergency injunction preventing [his] removal to avoid irreparable harm while these proceedings are ongoing and during the pendency of [his] motion to reconsider and reopen, filed to the immigration court."  (ECF No. 1 at 21.)

Respondents have not yet entered an appearance in this case.  Nevertheless, the Court concludes, based on the Petition's averments, that it is appropriate to order Respondents to show cause why the Petition should not be granted.  The Court further concludes that the Petition raises the credible prospect that DHS will deport Hom before the Court has had the opportunity to address the Petition's merits.  (*Id.* at 3.)  This would call into serious question the Court's ability to maintain jurisdiction over this action.  *See Perez Parra v. Castro*, 2025 WL 435977, at *2 (D.N.M. Feb. 9, 2025) ("At this time, the Court cannot say that without this injunction it would not be jurisdictionally deprived to preside over the original writ of habeas corpus should petitioners be transferred."); *but see Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003) (holding that deportation does not render an immigrant's section 2241 petition moot if the immigrant alleges sufficient collateral consequences).

Given all this, the Court concludes that a preliminary injunction is necessary to preserve the status quo and permit the Court the opportunity to thoroughly consider the issues raised by both sides to achieve the ends of justice.  The All Writs Act authorizes the Court to enter this relief.  *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *see also United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) ("Unless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs

3

as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it.").

Notably, this Court, and several other district judges in this jurisdiction and others, have entered such preliminary injunctions pursuant to the All Writs Act in circumstances like these. *See, e.g., Arostegui-Maldonado v. Baltazar*, — F.Supp.3d —, 2025 WL 2280357, at *16 (D. Colo. Aug. 8, 2025) (wherein this Court enjoined respondents, pursuant to the All Writs Act, "from removing Maldonado from the United States or transferring him outside of the District of Colorado while his Petition for Writ of Habeas Corpus remains pending"); *Batooie v. Ceja,* 2025 WL 1836695, at *2 (D. Colo. July 3, 2025) (enjoining petitioner's removal from the District of Colorado pursuant to Rule 65(b) and the All Writs Act); *Vizguerra-Ramirez v. Choate*, Civil Case No. 1:25-cv-881-NYW (D. Colo. Mar. 21, 2025) (ECF No. 11) (enjoining petitioner's removal during pendency of habeas action pursuant to the All Writs Act); *Perez Parra*, 2025 WL 435977 at *2 ("[A]n injunction is necessary to achieve the ends of justice entrusted to this Court."); ; *M.K. v. Joyce*, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) ("To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not be removed from the United States unless and until the Court orders otherwise.").

In reaching this conclusion, the Court emphasizes that there appears at this time to be no prejudice to Respondents by temporarily maintaining the status quo.

For these reasons, the Court ORDERS as follows:

1.  The Petition (ECF No. 1) is **GRANTED IN PART**, to the extent it seeks the following preliminary injunction: Respondents, as well as their officers, directors, agents, employees, successors and assigns, and all other persons in active concert or

participation with them, are hereby **ORDERED AND RESTRAINED** from removing Hom from the United States, or transferring him outside of the District of Colorado, while his Petition remains pending before this Court.  All other requests for relief set forth in the Petition, including Hom's request for immediate release or a bond hearing before an Immigration Judge, remain under advisement;

2. Hom is **DIRECTED** to effect service of process upon Respondents by no later than **September 19, 2025**; and

3. The Motion (ECF No. 9) is **GRANTED IN PART**.  Once counsel for Respondents have entered their appearance in this action, the Court shall set an expedited briefing schedule and evidentiary hearing on the Petition, by way of separate Order.  All other requests set forth in the Motion remain under advisement.

Dated this 17th day of September, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

5